UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL TUREAUD** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1853** |
| **MARKEL INSURANCE COMPANY, ET AL.** | **SECTION I/3** |

### ORDER AND REASONS

Before the Court is a motion[1] to remand, filed on behalf of plaintiff, Michael Tureaud ("Tureaud"). Defendants, Markel Insurance Company and Markel International Insurance Company, Ltd. (together, "Markel"), have opposed the motion.[2] For the reasons assigned, the motion to remand is **DENIED**.

### *BACKGROUND*

This case arises out of an insurance claim for property damage related to Hurricane Katrina. Markel International Insurance Company, Ltd. issued a policy to plaintiff, providing $150,000 of coverage for property located at 433 Friscoville Avenue in Arabi, Louisiana (hereinafter, "the Policy").[3] Following Katrina, the plaintiff submitted a claim for losses to his property and payment of $10,803 was tendered.[4] Plaintiff was unsatisfied with the insurer's response and presented supplemental proofs of loss to the insurer.[5] Plaintiff then filed a lawsuit

---

[1] R. Doc. No. 3.

[2] R. Doc. No. 4.

[3] R. Doc. No. 4-1, p.21. As exhibits "B" - "D" were not attached to the notice of removal included with the plaintiff's petition, the Court references the notice of removal and attached exhibits appended to defendants' opposition.

[4] Id. at p. 24.

[5] R. Doc. No. 1, ¶X.

alleging that Markel "refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proof of loss for damage sustained as a result of the hurricane."[6]

On January 14, 2010, plaintiff filed a state court action entitled *Michael Tureaud, Michelle Washington, and Lionel Washington v. Markel Insurance Company and Markel International Insurance Company, Ltd.*, No. 115,288, 34th Civil District Court for the Parish of St. Bernard.[7] Defendants timely removed the lawsuit to federal court on the basis of diversity jurisdiction.[8] Another section of this Court administratively closed and severed the lawsuit, ordering plaintiff's counsel to re-file an amended individualized complaint specific to each of the plaintiff's individual property claims.[9] Plaintiff filed his new petition with this Court on June 29, 2010.[10]

In his petition, Tureaud states, "[t]he petitioner brings this action for his damages which individually do not exceed the sum of $74,999."[11] Tureaud's petition also includes the following paragraphs:

> As a result of the above referenced conduct, Petitioner has sustained damages in the following non exclusive ways:
>
> 1. loss of personal property and property value;
> 2. inconvenience;

---

[6]Id. at ¶XXIII.

[7]R. Doc. No. 1-1.

[8]Id.

[9]R. Doc. No. 1-2.

[10]R. Doc. No. 1.

[11]Id. at ¶I.

   3.  loss of use of property;
   4.  loss of income;
   5.  loss of profits;
   6.  loss of business opportunity;
   7.  mental anguish;
   8.  loss of enjoyment of life;
   9.  as well as other damages to be proven at trial.

   WHEREFORE, Petitioner demands judgment against the defendant for all amounts due under [the Policy], other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.[12]

On June 30, 2010, Tureaud filed this motion to remand the matter to the state court of original filing.

## *LAW AND ANALYSIS*

**A.** **Standard of Law**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (2006); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendant must prove by a preponderance of the evidence that plaintiff's claim exceeds the statutory requirement either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.' " *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil &*

---

[12]R. Doc. No. 1, ¶XXXII.

*Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 WL 1581272 *2 (E.D.La. June 7, 2006) (Vance, J.) (citing *Allen*, 63 F.3d at 1336).

The Court must look at the claims as they existed at the time of removal, and any ambiguities are strictly construed in favor of remand. *Manguno*, 276 F.3d at 723. In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Franklin v. State Farm Ins. Co.*, 2006 WL 2925513, at *2 (E.D.La. Oct. 10, 2006) (Barbier, J.) (citing *Atkins v. Lexington Ins. Co.*, 2006 WL 1968895 (E.D.La. July 12, 2006) (Vance, J.)).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). This is known as the "legal certainty test." *Id.* It is "not a burden-shifting exercise." *Id.* at 1412. The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow "bound irrevocably" to an amount under the federal jurisdiction limit. *De Aguilar*, 47 F.3d at 1412.

**B.    Discussion**

As previously stated, when a plaintiff's petition does not allege a specific amount of damages,[13] the defendant must prove by a preponderance of the evidence that removal is

---

[13]Louisiana law states that a plaintiff's petition cannot contain a specific amount of monetary damages. La. Code Civ. Proc. art. 893(A)(1). However, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required. *Id.*

appropriate.  Markel has met that burden because it is "facially apparent" from plaintiff's petition that he seeks to recover more than $75,000.  Plaintiff states in his petition that he demands "all amounts due under [the Policy]."  In his petition, plaintiff details what those amounts are: a total claim deficiency of $139,197.00 (a total loss estimate of $150,000 less $10,803 for the settlement to date).[14]

In addition to the amount allegedly owed under the Policy for property damage, plaintiff also seeks attorneys' fees and consequential damages in the form of loss of personal property and property value, inconvenience, loss of use of property, loss of income, loss of profits, loss of business opportunity, mental anguish, loss of enjoyment of life, as well as other damages to be proven at trial.[15]  Plaintiff asserts that he should recover attorneys' fees and that he suffered damages recoverable under Louisiana Revised Statutes 22:658 and 22:1220, because defendants acted in an arbitrary and capricious manner.[16]

Since it is facially apparent from the petition that the amounts of plaintiff's claims exceed $75,000, plaintiff must show that, as a matter of law, it is certain that he will not be able to recover more than $75,000. *De Aguilar*, 47 F.3d at 1412 ("At this point, [i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (internal quotation marks and citation omitted).  Plaintiff has not made such a showing; in his petition, plaintiff has only stated that his damages do not exceed the sum of

---

[14]R. Doc. No. 4-1, p.24. For the reason stated earlier in footnote 3, the Court references an exhibit appended to defendants' opposition instead of plaintiff's petition.

[15]R. Doc. No. 1, ¶XXXII.

[16]Claims for attorneys' fees and penalties pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied. *See Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").

$74,999.[17]  Markel contends that the statement is an insufficient ground for remand.

In *Davis v. State Farm Fire & Cas. Co.*, Judge Vance held: "[b]ecause Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings,[18] a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  2006 WL 1581272 at *2.  In *Davis*, "each complaint filed in state court contain[ed] a stipulation that the amount of damages sought by plaintiffs is less than $75,000, but . . . none affirmatively waive[d] the plaintiffs' right to collect damages in a greater amount."[19] *Id.* at *3.  The facts of *Davis* are analogous to those presented here, as Tureaud has not affirmatively renounced his right to accept a judgment in excess of $75,000.[20]  *See Kaplan v. Prime Demolition & Disposal, LLC*, 08-cv-4714, 2008 WL 5264024 (E.D.La Dec. 18, 2008) (stipulation "that all of his damages in this case do not exceed $75,000.00 exclusive of interest and court costs" was insufficient to renounce his right to accept a judgment in excess of $75,000.); *see also McKay v. State Farm Ins. Co.*, 06-cv-5238, 2006 WL 3332831 (E.D.La Nov. 15, 2006) (plaintiffs' stipulation that damages would not exceed $74,999.99 was insufficient to establish that they would not be able to recover more than $75,000.).  Indeed, in his petition, Tureaud demands "any further relief this Court deems

---

[17]R. Doc. No. 1, ¶I.

[18]Under Louisiana law, plaintiffs are not limited to recovery of the damages requested in their pleadings. La. Code Civ. Proc. art. 862.

[19]*Davis* was a consolidated case involving multiple complaints.

[20]"Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal." *Davis*, 2006 WL 1581272 at *3 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).  The Court need not address this issue as plaintiff has made no post-removal binding stipulation regarding the amount of damages.

equitable, just and proper."[21] [22] *See Kaplan*, 2008 WL 5264024 at *2.

Because Markel has demonstrated by a preponderance of the evidence that the claimed amount in controversy is above $75,000 and Tureaud has not shown to a legal certainty that he will not recover less than the jurisdictional amount, the Court retains its diversity jurisdiction.

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED**.

New Orleans, Louisiana, October 6, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. No. 1, ¶XXXII.

[22] With respect to consideration of stipulations made by a plaintiff in a motion to remand (post-removal), see *Moore v. J.C. Penney Co.*, 2000 U.S. Dist. LEXIS 1929 (E.D.La. Feb. 18, 2000) and *Domangue v. Commodore Cruise Line, Ltd.*, 97-cv-3820, 1998 WL 205429 (E.D.La. Apr. 27, 1998).