```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

MICHAEL TUREAUD                                    CIVIL ACTION


v.                                                 NO. 10-1853


MARKEL INSURANCE COMPANY and                       SECTION "F"
MARKEL INTERNATIONAL INSURANCE COMPANY, LTD.

                          ORDER AND REASONS

     Before the Court is the plaintiff's motion to amend judgment, or in the alternative, relief from judgment or order.  For the reasons that follow, the motion is DENIED.

                             Background

     This is a Hurricane Katrina insurance coverage dispute.  The facts of this case are more completely set forth in this Court's May 18, 2011 Order & Reasons, in which the Court granted Markel International Insurance Company, Ltd.'s (MINT's) motion for summary judgment, dismissing Mr. Tureaud's claims.[1]  Judgment in favor of

---

[1] On January 14, 2010, Mr. Tureaud, represented by the same counsel that represented him during the federal mass joinder suits in which he participated, and joined with additional plaintiffs yet again, filed another mass joinder suit against multiple defendants, including Markel and (for the first time) MINT, this time in Louisiana state court.  The suit was removed and another Section of this Court issued a severance order requiring each plaintiff to file an amended complaint for each individual property allegedly damaged by Katrina.  Again, the plaintiff filed an amended complaint, naming Markel and, this time, for the first time, MINT, as defendants.  Both Markel and MINT requested that the Court dismiss the complaint on the ground that res judicata barred the suit.  On March 31, 2011 the Court granted

defendants and against the plaintiff was entered the next day.  In granting summary relief in favor of MINT, the Court determined that Tureaud's most recent claim in his state court suit, for the first time naming MINT as a defendant, had prescribed; the Court also rejected the plaintiff's argument that Rule 15(c)'s relation-back doctrine applied to remedy plaintiff's counsel's failure in repeatedly naming the wrong insurer defendant, despite the fact that MINT was listed as the insurer on the insurance contract.  The plaintiff now seeks relief from, or to amend, the Court's May 19 judgment dismissing his claim against MINT.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed.R.Civ.P. 59(e).[2] Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements."  See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en

---

the motion to dismiss as to Markel, but denied the motion as to MINT.  MINT then sought summary judgment on prescription grounds; the Court granted the motion.

[2] MINT contends that Tureaud's motion is untimely under Rule 59 because it was filed more than 10 days after judgment.  But MINT relies on the pre-amended rule:  Rule 59 had formerly imposed a 10-day time limit for filing post-judgment motions; however, the rule was amended last year to expand the 10-day limit to 28 days.

banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to

reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts."  Templet, 367 F.3d at 479.

Because the Court entered judgment on May 19, 2011, and the plaintiff filed his motion to amend judgment 28 days later on June 16, 2011, the motion to amend is timely under Rule 59(e).

II.

The plaintiff contends that he satisfies both Rule 59 and Rule 60 and is entitled to relief from this Court's May 18 Order & Reasons and May 19 judgment dismissing his claim against MINT.  The Court disagrees.  Tureaud simply reiterates the same arguments already raised in his opposition to MINT's motion for summary judgment, arguments this Court has considered and rejected.[3]

---

[3] The plaintiff again invokes the relation-back doctrine set forth in Federal Rule of Civil Procedure 15 and, again, cites case law addressing when a plaintiff may be granted leave to amend his complaint.  In its Order & Reasons dated May 18, 2011 the Court rejected these same arguments advanced by Tureaud and reminds counsel:

> Tureaud's argument that his new lawsuit filed in state court and for the first time naming MINT...constitutes an "amendment" to a pleading such that Rule 15(c) applies is fanciful at best.  He fails to carry his burden to show that Rule 15 would even apply under the circumstances, let alone that his newly filed lawsuit -- this time in the form of a state court petition (as opposed to amended pleading) -- "relates back" to the federal complaint.  Even if the Court were to indulge Tureaud's argument, however, it must

Moreover, the plaintiff does not suggest that this Court erred in its review of the facts, and fails to persuade the Court that it misapplied the law to those facts.  Finally, the plaintiff's suggestion that counsel for MINT misled his counsel as to the identity of the correct insurance company defendant is disappointingly frivolous; any such suggestion is betrayed by the clear facts: (1) it is undisputed that MINT is the insurer named on the face of the plaintiff's insurance policy; and (2) the plaintiff has admitted, years ago and on more than one occasion, that his continuing failure to name the correct insurer defendant was a mistake made by his counsel of record.

The plaintiff's motion to amend judgment or for relief from judgment is DENIED.

New Orleans, Louisiana, July 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

       fail....  Mr. Tureaud (or his counsel) failed
       to name the correct insurance company listed
       on his insurance policy not once, but several
       times.  As other Sections of this Court have
       determined, this is not the sort of mistake
       that Rule 15 was designed to remedy....

Order & Reasons dtd. 5/18/11, p. 8-10 (citations omitted).